```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Dianna Correll

    v.                                    Civil No. 05-cv-023-JD

Jo Anne Barnhart, Commissioner,
Social Security Administration


## O R D E R

Dianna Correll seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's decision denying her application for Disability Insurance Benefits and Supplemental Security Income.  She contends that the Administrative Law Judge ("ALJ") erred in finding that she was able to do work that exists in significant numbers in the relevant economies because the jobs he cites are semi-skilled although the vocational expert identified them as unskilled work.  The Commissioner moves to affirm the decision.


## Discussion

Correll sought benefits for the period between May 26, 1995, and November 28, 1997, asserting a disability due to the effects of coronary and vascular bypass surgery.  Her application was denied by the ALJ, but after review by this court her case was remanded for further administrative proceedings.  The case was

returned to ALJ Klingebiel who held a second hearing that included testimony from a vocational expert.  ALJ Klingebiel concluded that Correll was capable of doing sedentary work with certain additional limitations, and based on the vocational expert's evidence, the ALJ found she could work as a referral clerk, telemarketer, and gate guard.  The Appeals Council denied Correll's request for review.

After the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner.  Sims v. Apfel, 530 U.S. 103, 106 (2000).  The court must uphold a final decision of the Commissioner denying benefits unless the decision is based on legal or factual error.  Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996).  The Commissioner's factual findings are conclusive if based on substantial evidence in the record.  42 U.S.C. § 405(g); Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

Correll contends that the decision denying her application for benefits is erroneous and must be reversed because the skill level of the jobs identified by the vocational expert is semi-skilled, according to the Dictionary of Occupational Titles ("DOT"), while the vocational expert described them as unskilled. She argues that because she did not have transferable skills from

her previous work to sedentary work, she was not able to do semi-skilled work.  She also contends that the ALJ failed to resolve the conflict between the vocational expert's testimony and the DOT with respect to the skill level of the identified jobs.

The Commissioner agrees that the DOT identifies those jobs as semi-skilled and that the vocational expert and the ALJ were mistaken in describing them as unskilled.  The Commissioner also acknowledges that under Social Security Ruling 00-4p, an ALJ is obligated to resolve conflicts between a vocational expert's testimony and the DOT, which the ALJ failed to do in this case.  Despite those errors, the Commissioner contends that the decision should be affirmed because Correll was capable of doing semi-skilled work.

The Commissioner notes that while the discussion between the ALJ and the vocational expert focused on unskilled work, the ALJ did not find that Correll was limited to unskilled work.  It is undisputed that Correll is a high school graduate, and under the Social Security Regulations, a person with a high school education is considered able to do semi-skilled through skilled work.  20 C.F.R. § 404.1564(b)(4).  Because Correll previously did semi-skilled work and the record offers nothing to suggest that she no longer had the ability to learn to do work at that

level, the semi-skilled jobs the ALJ relied upon are at an appropriate skill level.

"[A] remand is not essential if it will amount to no more than an empty exercise." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000).  Despite the ALJ's suggestion to the contrary, it appears that Correll is capable of doing semi-skilled work.  Although the vocational expert may have erred in identifying the cited jobs as unskilled and the ALJ erred in not resolving the conflict between that classification and the DOT classification, there is no need to remand the case for that determination when Correll is capable of doing semi-skilled work.

Correll suggests, cursorily, that the identified jobs were inappropriate because of the exertional level and reaching and handling requirements.  Those arguments are not well-developed, and the record shows that the vocational expert considered Correll's limitations in determining that she was capable of doing the cited jobs.  Substantial evidence exists in the record to support the conclusion that Correll was not disabled because there were jobs available in the relevant communities that she could do.

Conclusion

For the foregoing reasons, the plaintiff's motion to reverse the Commissioner's decision (document no. 7) is denied, and the Commissioner's motion to affirm (document no. 8) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

August 3, 2005

cc:  D. Lance Tillinghast, Esquire
     David L. Broderick, Esquire